# Richard S. Folsom, Defendant in Error, v. N. M. Kauf= man, Plaintiff in Error.

## Gen. No. 15,712.

ATTORNEY AND CLIENT—*when former entitled to fees:* If parties voluntarily avail themselves of the fruits of services rendered by an attorney, they having full knowledge of the facts, they become jointly and severally liable for the value of such services.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

FREDERICK H. WICKETT, GEORGE J. MEIER and AN-DREW A. BRUCE, for plaintiff in error.

FRANK JOHNSTON JR., for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Defendant in error brought suit in the Municipal Court against N. M. Kaufman, A. B. MacCaughey, H. L. Kaufman, S. R. Kaufman and D. W. Kaufman to recover for legal services rendered in connection with the incorporation of the De Luxe Motor Sales Company. Service of process was had on the plaintiff in error, N. M. Kaufman, only, and the trial of the cause by the court resulted in a finding and judgment against plaintiff in error for $300, to reverse which judgment he prosecutes this writ of error.

It is urged that the trial court erred in admitting and necessarily considering incompetent evidence, and that the finding is contrary to the manifest weight of the evidence.

The uncontroverted evidence discloses that about June 1, 1907, plaintiff in error and his co-defendants entered into a joint enterprise to be known and incorporated under the laws of Illinois as the De Luxe Motor Sales Company; that all of said parties were to become subscribers to the capital stock of said corporation; that A. B. MacCaughey, acting for himself and the other proposed stockholders in said company, and with the knowledge and consent of plaintiff in error and his co-defendants, assumed the active duty of procuring the incorporation of the company and transacting the necessary business incident thereto; that to this end MacCaughey advised with defendant in error, a practicing attorney, relative to the proper steps to be taken to procure the incorporation of said company and its proposed business, and with reference to procuring a lease of certain premises on Michigan avenue for the use of the company; that acting under the instructions of MacCaughey, defendant in error procured the necessary license from the Secretary of State to be issued to himself and two employes in his office as commissioners, to open books of subscription to the capital stock of said company; that plaintiff in error and his co-defendants became subscribers to the capital stock of said company; that on June 29, 1907, defendant in error in his capacity as legal adviser of the company attended a meeting of its stockholders, at which meeting plaintiff in error was present and presided, and he together with his co-defendants were elected directors; that upon that occasion defendant in error made a detailed statement of the services performed by him with reference to the incorporation of the company and its proposed lease of a building for its use, and further explained what was still necessary to be done regarding the incorporation; that, thereafter, defendant in error drafted the by-laws of the company and also drafted a contract

between the company and MacCaughey for the employ-
ment of the latter by the company.

Defendant in error testified that upon the occasion
of said stockholders' meeting, MacCaughey stated that
he desired witness to act as attorney for the company,
and that plaintiff in error said, that it would be all
right, and further told witness to advise MacCaughey
whenever the latter needed advice. Plaintiff in error
denied having made this statement attributed to him
by defendant in error, but we do not deem it material
to the issue to determine where the truth in that par-
ticular lies. The fact that defendant in error there-
after drafted the by-laws and the contract above men-
tioned is a circumstance which tends to corroborate
the testimony of defendant in error.

While the testimony of defendant in error regard-
ing his conference with MacCaughey and the services
performed by him in pursuance of such conference
was incompetent in the first instance to charge plain-
tiff in error with any liability therefor, it became com-
petent to be considered for that purpose when the un-
controverted facts heretofore recited were fully dis-
closed. It is practically conceded by plaintiff in error
that he is liable for any services rendered by defend-
ant in error on and after June 27, 1907, but he insists
that for the services rendered prior to that time Mac-
Caughey, or the commissioners designated to open
books of subscription to the capital stock of the com-
pany, are liable to defendant in error. MacCaughey
was the accredited representative of plaintiff in error
and his co-defendants for the purpose of doing the
business in hand, and the character of the business to
be done necessarily involved the employment and
services of an attorney in its proper performance.
Plaintiff in error together with his co-defendants vol-
untarily availed themselves of the fruits of the ser-
vices rendered by defendant in error, with full knowl-

edge of all the facts, and are jointly and severally liable for the value of such services.

It is not complained that the judgment is excessive if a liability exists.

There is no error in the record and the judgment is affirmed.

*Judgment Affirmed.*